IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DAMON L PRUITT,

Defendant.                                                   No. 13-CR-30177-DRH

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

On October 13, 2015, defendant filed a *pro se* motion seeking a reduction in his sentence based upon Amendment 782 and the retroactive drug quantity guidelines (Doc. 39). The Court directed the matter be referred to the Office of the Federal Public Defender (Doc. 40). Thereafter, the Federal Public Defender filed a motion to withdraw (Doc. 41). Counsel states that the record reflects the current guidelines were applied at the defendant's sentencing. Accordingly, defendant already received the benefit of Amendment 782 and counsel can discern no non-frivolous basis for seeking relief on the defendant's behalf. On April 18, 2016, the Court directed the defendant to show cause why the Court should not grant counsel's motion to withdraw and deny the defendant's *pro se* motion to reduce sentence (Doc. 43). The defendant was directed to file a response on or before May 16, 2016 (Doc. 46). To date, defendant has not responded to the Court's show cause order.

At sentencing, as calculated by probation using the 2013 Guidelines Manual, the defendant's total offense level was 29 and his criminal history category was IV (Doc. 32; Doc. 31 ¶ 25, ¶ 84). The guideline imprisonment range for an offender with a total offense level of 29 and a criminal history category of IV is 121-151 months.

On April 4, 2014, the Court sentenced the Defendant to 100 months in the Bureau of Prisons. (See Doc. 136). This variance was "based on the joint motion of the parties for a 2 level downward variance, pursuant to US Department of Justice policy." (Doc. 32). As explained in the parties' joint sentencing memorandum, the parties requested the Court take the following action:

> The Government requests that the Court make an additional two-level reduction (variance) to the Defendant's Base Offense Level, pursuant to Attorney General Holder's advice, *i.e.,* in anticipation of the U.S. Sentencing Commission's proposed amendments to the Sentencing Guidelines for certain narcotics offenses. These proposed amendments have been published in the Federal Register, although the Attorney General instructions to AUSAs have not yet been publicized. In any event, "it is now the policy of the Department of Justice that the base offense levels for drug offenses should be reduced by two levels…If the Court grants the Government's request for an additional two-level reduction (variance), then the Defendant's total Offense Level will be 27, instead of 29, as calculated by Probation. In return, the Defendant expressly agrees not to seek a further reduced sentence pursuant to Title 18, United States Code, Section 3582(c) *on the basis of the two-level reduction requested herein,* in the event that the two-level reduction is adopted and made retroactive by the Sentencing Commission.

(Doc. 34).

As is reflected in the Court's minutes (Doc. 32) and statement of reasons (Doc. 36), the Court granted the parties' joint request for a two-level reduction

and imposed a sentence in accord with such a reduction. Accordingly, as is set forth in defense counsel's motion to withdraw, the defendant has already received the requested reduction and defendant's overall sentence cannot be further reduced by application of Amendment 782.[1]

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 41) and **DENIES** defendant's *Pro Se* Motion to reduce sentence (Doc. 39).

**FURTHER,** he Court **ORDERS** that counsel G. Ethan Skaggs is **WITHDRAWN** from this matter.

**FURTHER,** the Court **DIRECTS** the Clerk of Court to send a copy of this order to defendant.

**IT IS SO ORDERED.**

Signed this 19th day of May, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.05.19 14:12:12 -05'00'

**United States District Court**

---

[1] Under Amendment 782, the defendant's total offense level would be reduced to 27. A total offense level of 27 and a criminal history category of IV results in a guideline range for imprisonment of 100 months to 125 months.